DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| LEWIS TEFFEAU and LINDA TEFFEAU, )<br>)<br>)<br>    Plaintiffs,           )<br>                               )<br>    v.                         )<br>                               )<br>COMMISSIONER OF INTERNAL REVENUE and )<br>VIRGIN ISLANDS BUREAU OF INTERNAL )<br>REVENUE,                       )<br>                               )<br>    Defendants.                )<br>                               ) | Civil No. 2010-123 |

ATTORNEYS:

**Joseph A. DiRuzzo, III, Esq.**
Fuerst Ittleman David & Joseph, PL
Miami, FL
    *For the plaintiffs,*

**Tamika Archer, AAG**
**Carol Thomas-Jacobs, AAG**
**Vincent Frazer, Attorney General**
**Virgin Islands Department of Justice**
St. Thomas, U.S.V.I.
    *For the defendant the Virgin Islands Bureau of Internal*
    *Revenue,*

**Christopher W. Sanders, Trial Attorney**
United States Department of Justice, Tax Division
Washington, D.C.
    *For the defendant the Commissioner of Internal Revenue*
    *Service.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the defendant, the Virgin Islands Bureau of Internal Revenue, for summary judgment. The plaintiffs, Lewis and Linda Teffeau, oppose the motion.

### I.   FACTUAL AND PROCEDURAL HISTORY

On July 25, 2003, the plaintiffs, Lewis and Linda Teffeau (collectively, the "Teffeaus"), jointly submitted a Form 1040 income tax return to the defendant, the Virgin Islands Bureau of Internal Revenue ("VIBIR"), for the 2002 tax year, reflecting taxes owed in the amount of $184,984. (VIBIR's Ex. A.)

On October 15, 2007, the Teffeaus filed a Form 1040X amended income tax return with the VIBIR for the 2002 tax year, seeking a refund in the amount of $1,244,252.[1] (VIBIR's Ex. B.)

On October 25, 2010, the Teffeaus each received a notice of tax deficiency from the Internal Revenue Service ("IRS"). Lewis Teffeau's notice alleges, among other things, that he was not a bona fide resident of the Virgin Islands for the 2002 tax year.

---

[1] The Court notes that the amount of taxes which the Teffeaus allege to have owed for the 2002 tax year--$184,984--is substantially less than the refund of $1,244,252 they now seek. Nowhere in their pleadings do the Teffeaus explain this discrepancy. Further, the VIBIR in its answer claims that the Teffeaus "did not pay to the [VIBIR] the taxes for which they are seeking a refund." (Answer ¶ 15.) However, the VIBIR does not challenge the amount of the refund sought for the purposes of the instant motion. Accordingly, the Court will assume, without deciding, that the amount claimed in the Teffeau's Form 1040X is the true amount in issue.

The Teffeaus initiated this action on December 4, 2010. Their complaint asserts three counts. Counts One and Two assert claims against the Commissioner of the Internal Revenue Service for redetermination of the Teffeas' income tax deficiency. On September 13, 2011, this Court dismissed Counts One and Two for want of subject matter jurisdiction.

Count Three asserts a claim against the VIBIR for a refund of the $1,244,252. The Teffeaus allege that they overpaid for the 2002 tax year. The Teffeaus further allege that the VIBIR has failed to pay the requested refund. The VIBIR now moves for summary judgment on this claim, on the ground that it is barred by the statute of limitations.

## II. DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest

upon mere allegations, general denials, or . . . vague statements." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all reasonable inferences in favor of the opposing party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

### III. ANALYSIS

The VIBIR contends that the Court should dismiss the Teffeaus' refund claim because they failed to exhaust their administrative remedies within the appropriate time. Specifically, the VIBIR points to the requirement that a claimant must duly file a claim with the VIBIR prior to filing suit in this Court. *See* 26 U.S.C. § 7422(a); V.I. CODE ANN. tit. 33, § 1692.

The applicable limitations period is set forth in Title 26, Section 6511 of the United States Code ("section 6511"):

*Teffeau v. Commissioner*
Civil No. 2010-123
Memorandum Opinion
Page 5

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such period expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

26 U.S.C. § 6511(a).[2]

It is clear and undisputed that the Teffeaus' Form 1040 for the 2002 tax year was filed on July 25, 2003. (*See* VIBIR's Ex. A.) It is likewise clear and undisputed that the Teffeaus did not file a form 1040X, seeking a refund for alleged overpayments of 2002 taxes until October 15, 2007. It is thus apparent, and the Teffeaus do not dispute, that they filed their administrative claim beyond the limitations period.

Notwithstanding that fact, the Teffeaus argue that their claim should be considered because (1) it qualifies for mitigation; (2) they are entitled to an equitable tolling of the statute of limitations; and (3) the doctrine of equitable

---

[2] Section 6511 applies here because, in the Naval Service Appropriation Act of 1922, Congress set up a "separate taxing structure for the Virgin Islands 'mirroring' the provisions of the federal tax code" except as to those provisions in conflict with a separate tax structure. *HMW Indus., Inc. v. Wheatley*, 504 f.2d 146, 150 (3d Cir. 1974). The Virgin Islands Code mirrors the federal tax code in that " 'Virgin Islands' is in effect substituted for 'United States' (and vice versa) in the Internal Revenue Code so that, to satisfy Virgin Islands tax obligations, an individual or corporation in the Virgin Islands pays taxes to the BIR equivalent to the taxes an individual or corporation under the same circumstances in the United States would pay to the Internal Revenue Service." *Danbury, Inc. v. Olive*, 820 F.2d 618, 620 (3d Cir. 1987).

*Teffeau v. Commissioner*
Civil No. 2010-123
Memorandum Opinion
Page 6

recoupment applies here. The Court will address each of these three contentions in turn.

1.  **Mitigation**

"[I]n narrowly defined circumstances, the strictures established by the statutes of repose are loosened by the Tax Code's mitigation provision." *TLI, Inc. v. United States*, 100 F.3d 424, 427 (5th Cir. 1996). The mitigation scheme is enumerated at Title 26, Sections 1311-14 of the United States Code. "The relief provided by the mitigation statutes is limited to defined circumstances, and does not purport to permit the correction of all errors and inequities." *Fruit of the Loom, Inc. v. Commissioner*, 72 F.3d 1338, 1341 (7th Cir. 1996) (internal citations and quotation marks omitted).

> Section 1311 permits the correction of the effects of an error only if: 1) there has been a "determination", [*sic*] as defined in section 1313, excluding the item of income, or allowing the deduction, in one year; 2) there has occurred a circumstance of adjustment described in section 1312; and 3) one of the conditions necessary listed in section 1311(b) has been met.

*Estate of Kappel v. Commissioner*, 615 F.2d 91, 94 (3d Cir. 1980). "While these mitigation provisions are remedial and should be given a liberal interpretation, the party invoking them has the burden of showing that mitigation is permitted." *Koss v. United States*, 69 F.3d 705, 709 (3d Cir. 2005).

*Teffeau v. Commissioner*
Civil No. 2010-123
Memorandum Opinion
Page 7

A "final disposition by the Secretary of a claim for refund" constitutes a "determination" for mitigation purposes. 26 U.S.C. § 1313(a)(3). A claim is considered "finally disposed by the Secretary . . . as to items to which the claim was disallowed, in whole or in part, or as to items applied by the Secretary in reduction of the refund or credit, on expiration of the time for instituting suit with respect thereto (unless suit is instituted before the expiration of such time) . . . ." *Id.* at § 1313(a)(3)(B). In light of the VIBIR's allegation that their refund claim is time-barred, the Tefeaus appear to present an appropriate "determination."

The Court next turns to whether a "circumstance of adjustment" occurred. Among the recognized "circumstances of adjustment," is the "[d]ouble inclusion of income." 26 U.S.C. § 1312(1). The double inclusion of income occurs when "[t]he determination requires the inclusion in gross income of an item which was erroneously included in the gross income of the taxpayer for another taxable year or in the gross income of a related taxpayer." *Id.*

The Teffeaus assert that such an event has occurred here, because, if the same income is taxed by both the Virgin Islands and the United States, it would amount to a double inclusion of an item of gross income.

This position is identical to that considered and rejected by this Court in *McGrogan v. Commissioner*, Civ. No. 2009-167 (CVG), 2011 WL 3472336, 108 A.F.T.R.2d 2011-5646 (D.V.I. Aug. 8, 2011). McGrogan likewise argued that his refund claim, made out of time, should be considered because in the absence of a refund his income might be subject to taxation by both the United States and the Virgin Islands. *Id.* at 2011 WL 3472336 *7. There, this Court rejected the position advance by McGrogan, explaining

> McGrogan asks the Court to do more than liberally construe section 1313(1), he essentially attempts to have the Court fashion its own mitigation provision from whole cloth. He contends that given the IRS's position in its notice of deficiency that McGrogan was not a bona fide resident of the Virgin Islands for the tax years in question, he erroneously paid his taxes to the wrong taxing entity. He asserts that he erroneously included income in his income tax return in one jurisdiction--the Virgin Islands--that should have been included in his return for another jurisdiction--the United States. Section 1312(1) addresses the erroneous inclusion of an item of gross income in an incorrect tax year or in the return of a related taxpayer, it does not address such inclusion in a return to the wrong taxing entity. The sort of double inclusion about which McGrogan complains is of an entirely different variety than that outlined in Section 1312(1). As such, the Court does not find application of the mitigation provisions appropriate to McGrogan's circumstances.

*Id.* (citing *Anthony v. United States*, 888 A.F.T.R.2d 2001-6134 (D. Idaho 2001) ("The Plaintiff would like to apply this provision to errors discovered after the tax court determination and within the same year . . . . The mitigation provisions were

simply not designed to apply to a situation like the Plaintiff's); *Schwartz v. United States*, 67 F.3d 838, 840 (9th Cir. 1995) (quoting *United States v. Rushlight*, 291 F.2d 508, 514 (9th Cir. 1961) ("The mitigation provisions . . . do 'not purport to relieve against all inequities occasioned by the statute of limitations.' ")

The Court declines to accept the Teffeaus' invitation to revisit its ruling in *McGrogan*, and accordingly finds that mitigation is likewise not appropriate in this case.

2. **Equitable Tolling**

In *United States v. Brockamp*, 519 U.S. 347, 350 (1997), a unanimous Supreme Court held that courts may not use non-statutory equitable reasons to toll the "unusually emphatic" time limitations set forth in 26 U.S.C. § 6511. In apparent response to this decision, in 1998, Congress enacted a statutory exception to the time limitations in section 6511 applicable to any period in which an individual taxpayer is financially disabled. Pub. L. 105-206, § 3202(a), 112 STAT. 740 (codified at 26 U.S.C. § 6511(h)(1)); *see also Abston v. Commissioner*, No. 11-3689, 2011 WL 3763620 *1 (8th Cir. Aug. 13, 2012) (recognizing amendment to statute as superseding decision in *Brockamp*). To date, no other exception to the *Brockamp* rule has been enacted. *See Abston v. Commissioner*, No. 11-3689, 2011 WL

*Teffeau v. Commissioner*
Civil No. 2010-123
Memorandum Opinion
Page 10

3763620 *1 (8th Cir. Aug. 13, 2012). The statute defines financial disability and specifies the manner in which it may be established that a taxpayer qualifies for the exception:

> [A]n individual is financially disabled if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment . . . which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require.

26 U.S.C. § 6511(h)(2)(A). In 1999, the IRS issued Revenue Procedure 99-21 prescribing the "form and manner" the Secretary requires to prove a "medically determinable physical or mental impairment." *See* 1999-1 Cum. Bull. 960. The Revenue Procedure provides in pertinent part:

> [T]he following statements are to be submitted with a claim for credit or refund of tax to claim financial disability for purposes of § 6511(h).
>
>> (1) a written statement by a physician . . . , qualified to make the determination, that sets forth
>>
>>> (a) the name and a description of a taxpayer's physical or mental impairment;
>>>
>>> (b) the physician's medical opinion that the physical or mental impairment prevented the taxpayer from managing the taxpayer's financial affairs;
>>>
>>> (c) the physician's medical opinion that the physical or mental impairment was or can be expected to result in death, or that it has

>   lasted (or can be expected to last) for a continuous period of not less than 12 months;
>
>   (d) to the best of the physician's knowledge, the specific time period during which the taxpayer was prevented by such physical or mental impairment from managing the taxpayer's financial affairs; and
>
>   (e) the following certification, signed by the physician: I hereby certify that, to the best of my knowledge and belief, the above representations are true, correct, and complete.

Rev. Proc. 99-21 (IRS RPR), 1999-1 Com. Bull. 960.

Here, the Teffeaus have neither shown nor alleged that they were financially disabled, or that they complied with the requirements of Revenue Procedure 99-21. Although the Court of Appeals for the Third Circuit has not yet addressed this issue, other courts have dismissed taxpayer refund suits as time-barred by section 6511 because the taxpayer's claim of financial disability was not supported by a physician's statement in compliance with Revenue Procedure 99-21. *See Abston v. Commissioner*, No. 11-3689, 2011 WL 3763620, at *2 (8th Cir. Aug. 13, 2012); *Castaners v. United States*, No. 11C5130 (SDY), at *4 (N.D. Ill. May 16, 2012); *Pleconis v. IRS*, No. 09-5970 (SDW), 2011 WL 3502057, at *5 (D.N.J. Aug. 10, 2011); *Ibeagawa v. United States*, No. 09 C 1267 (WTH), 2009 WL 3172165, at *2 (N.D. Ill. Sept. 30, 2009); *Nunn v. United States*, No. 3:08CV-199-S

(CSS), 2009 WL 260803, at *4 (W.D. Ky. Feb. 4, 2009); *Henry v. United States*, No. 3:05-CV-1409-D (SAF), 2006 WL 3780878, at *4 (N.D. Tex. Dec. 26, 2006); *Glover v. United States*, No. 05-CV-60044-A (MOB), 2005 WL 1926614, at *2 (E.D. Mich. July 11, 2005). Accordingly, the Court finds no basis under section 6511's financially disabled exception to extend the statute of limitations period.

### 3.   **Equitable Recoupment**

Lastly, the Teffeaus argue that their refund claim is not barred because the doctrine of equitable recoupment overrides the operation of any limitations period.

The doctrine of equitable recoupment originated in *Bull v. United States*, 295 U.S. 247 (1935). There, the plaintiff was the estate of a deceased partner in a ship-broker business. In 1920, the executor of the estate included the partnership distributions in the estate tax return. In 1925, the IRS sent the estate a notice of deficiency for the estate's income tax for the 1920 tax year. The Commissioner afforded no deduction for the amount the estate had paid on the distributions in the estate tax.

The executor then filed a claim for a refund of the amount of estate tax paid. The Supreme Court held that, although the

*Teffeau v. Commissioner*
Civil No. 2010-123
Memorandum Opinion
Page 13

refund action was brought out of time, it could nonetheless proceed. The Supreme Court explained:

> In . . . 1925, the government brought a new proceeding arising out of the same transaction involved in the earlier proceeding. This time, however, its claim was for income tax. The taxpayer opposed payment in full, by demanding recoupment of the amount mistakenly collected as estate tax and wrongfully retained.
>
> . . . .
>
> [T]he claim for income tax deficiency had been the subject of a suit, any counter demand for recoupment of the overpayment of estate tax could have been asserted by way of defense and credit obtained, notwithstanding the statute of limitations had barred an independent suit against the government therefor. This is because recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action is timely.

*Id.* at 262.

Once again, the Teffeaus' position is identical to the position considered and rejected by this Court in *McGrogan*. There, as here, McGrogan contended that "he [was] being taxed on funds from the same occurrence, namely his income for tax years 2002, 2003, and 2004." *McGrogan v. Commissioner*, Civ. No. 2009-167 (CVG), 2011 WL 3472336, at *9, 108 A.F.T.R.2d 2011-5646 (D.V.I. Aug. 8, 2011).

In evaluating McGrogan's contention, the Court first compared McGrogan's claim to that advanced by the taxpayer-plaintiff in *United States v. Dalm*, 494 U.S. 596. There, the

*Teffeau v. Commissioner*
Civil No. 2010-123
Memorandum Opinion
Page 14

taxpayer received two large sums of money on which she paid gift taxes. The IRS subsequently concluded that the sums of money were not gifts, but rather income, and thus found the taxpayer deficient in the payment of her income tax.

The taxpayer sought a redetermination. After a trial, the IRS settled the matter.

The taxpayer then initiated an action for a refund of the allegedly overpaid gift tax. The Supreme Court held that that action was time-barred. The Court explained that, unlike in *Bull*, the taxpayer did "not seek to invoke equitable recoupment in determining her income tax liability; she has already litigated that liability without raising a claim of equitable recoupment and is foreclosed from relitigating it now." *Id.* at 606. Instead, she pursued "a separate action for refund of a gift tax, an action for which there is no statutory authorization by reason of the bar of the limitations statute." *Id.* The Court concluded by noting that in the previous cases where it had applied equitable recoupment, "there was no question but that the courts in which the refund actions were brought had jurisdiction. To date, we have not allowed equitable recoupment to be the sole basis for jurisdiction." *Id.*

Applying this decisional law, this Court found that it lacked jurisdiction over McGrogan's claim:

> [McGrogan] is presenting a claim for refund that is unaccompanied by a claim for a tax deficiency over which this Court may exercise its jurisdiction.
>
> . . . .
>
> McGrogan urges the Court to allow this action to proceed based on the doctrine of equitable recoupment. As in *Dalm*, McGrogan fails to present a claim over which this Court would have jurisdiction. Guided by the bedrock principle that federal courts are "courts of limited jurisdiction possessing only that power authorized by Constitution and statute," the Court must decline McGrogan's invitation.

*McGrogan v. Commissioner*, Civ. No. 2009-167 (CVG), 2011 WL 3472336, at *10, 108 A.F.T.R.2d 2011-5646 (D.V.I. Aug. 8, 2011) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Here, as in *McGrogan*, the Court has previously dismissed the other counts in the complaint, leaving only a claim for refund unaccompanied by any other claim over which this Court has jurisdiction. Accordingly, seeing no reason to depart from this Court's holding in *McGrogan*, and as the Teffeaus' remaining claim is therefore time-barred, Count Three of the Complaint will be dismissed.

An appropriate order follows.

S\_____
**Curtis V. Gómez**
**Chief Judge**